# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6483 | **DATE** | 8/27/2003 |
| **CASE TITLE** | Hirschberg vs. Commodity Futures Trading Commission, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' cross-motions for summary judgment [17-1] and [20-1] are granted. Plaintiff's motion for summary judgment [10-1] is denied. Plaintiff's motion for preliminary injunctive relief [3-1] is dismissed as moot. Case dismissed for lack of subject matter jurisdiction. Case is terminated.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 4 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG 29 2003 | |
| | Notified counsel by telephone. | | date docketed | 38 |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. Mailed by MD. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 AUG 28 PM 5:32 | 8/27/2003 date mailed notice | |
| MD | courtroom deputy's initials | Date/time received in central Clerk's Office | MD mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JUDD B. HIRSCHBERG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 02 C 6483 |
| | ) | Judge Joan H. Lefkow |
| COMMODITY FUTURES TRADING | ) | |
| COMMISSION and NATIONAL FUTURES | ) | |
| ASSOCIATION, | ) | |
| | ) | |
| Defendants. | ) | |

DOCKETED
AUG 29 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff, Judd B. Hirschberg ("Hirschberg"), a former registered commodities floor broker at the Chicago Mercantile Exchange ("CME"), filed this action seeking declaratory and injunctive relief against the Commodity Futures Trading Commission ("CFTC"), a federal agency, and the National Futures Association ("NFA"), the CFTC's delegee (together, "defendants"), for denying Hirschberg's application for re-registration as a floor broker, despite a presidential pardon for the criminal conviction that led to the revocation of Hirschberg's initial registration. Before the court are cross-motions for summary judgment. For the reasons set forth below, this case is dismissed for lack of subject matter jurisdiction.

38

# FACTS[1]

Hirschberg was a registered commodities floor broker from 1985 to 1994. (Pl. L.R. 56.1 ¶ 4, 7.) In 1991, Hirschberg was convicted in this court of altering or removing vehicle identification numbers and committing mail fraud. *United States v. Hirschberg*, Case No. 89 CR 945. On appeal, the Seventh Circuit reversed Hirschberg's conviction for altering or removing vehicle identification numbers, but affirmed his mail fraud conviction. *United States v. Hirschberg*, 988 F.2d 1509 (7th Cir. 1993). On April 15, 1994, a CFTC Administrative Law Judge revoked Hirschberg's registration pursuant to Section 8a(2)(D) of the Commodity Exchange Act ("CEA"), which authorizes the CFTC to "revoke the registration of any person . . . (D) if such a person has been convicted within ten years preceding the filing of the application for registration or at any time thereafter of a felony that . . . (iv) involves the violation of section . . . 1341 . . . of Title 18 [mail fraud]." 7 U.S.C. § 12a(2)(A-D). (Pl. L.R. 56.1 ¶ 7.) In 1995, the CFTC upheld the revocation. (Pl. L.R. 56.1 ¶ 8.) Since 1994, Hirschberg has not traded on the floor of any commodity exchange. (Pl. L.R. 56.1 ¶ 9.)

On December 22, 2000, President William J. Clinton granted Hirschberg a full and unconditional pardon for the mail fraud conviction. (Pl. L.R. 56.1 ¶ 13.) On July 17, 2001, Hirschberg reapplied to the NFA for floor broker registration. (Pl. L.R. 56.1 ¶ 14.) On October 11, 2001, NFA served Hirschberg with a Notice of Intent to Deny Registration. The Notice of Intent stated that the CFTC's previous revocation of Hirschberg's floor broker registration disqualified him for registration pursuant to Section 8a(2)(A) of the CEA, which

---

[1] The facts as set forth herein, taken from the parties' statements of material facts and supporting materials, are undisputed unless otherwise indicated.

2

authorizes the CFTC "to refuse to register . . . any person . . . (A) if a prior registration of such person in any capacity . . . has been revoked." 7 U.S.C. § 12a(2)(A). (Pl. L.R. 56.1 ¶ 15.)

After a hearing before a designated subcommittee of the Membership Committee of the NFA, the NFA issued a Final Order Denying Registration on June 13, 2002, finding that the 1994 revocation of Hirschberg's registration resulted in a statutory disqualification from registration under Section 8a(2)(A) of the CEA, and that neither the passage of ten years nor the presidential pardon eliminated Hirschberg's statutory disqualification. (Final Order Denying Registration, 7-8.) NFA stated that the statutory disqualification raised a rebuttable presumption that Hirschberg was unfit for registration, which placed on Hirschberg the burden of proving, by clear and convincing evidence of mitigation or rehabilitation, that his registration would not pose a substantial risk to the public. (Pl. L.R. 56.1 ¶ 18.) The NFA found, however, that Hirschberg failed to carry this burden and denied his registration. (Pl. L.R. 56.1 ¶ 19.) Hirschberg filed an appeal of the NFA decision to the CFTC on July 17, 2002. (CFTC L.R. 56.1 ¶ 4.) That appeal is still pending. (CFTC L.R. 56.1 ¶ 7-8.)

## DISCUSSION

Hirschberg filed this action on September 11, 2002, asking this court to make a binding declaration of the rights of the parties. Hirschberg seeks summary judgment on the grounds that the presidential pardon of Hirschberg's mail fraud conviction removes any collateral consequences of that conviction. Thus, the defendants' denial of Hirschberg's registration violates the Pardon Clause of the Constitution. Because Hirschberg's constitutional interest in enjoying the rights and benefits of the presidential pardon is at stake, he also contends that

3

defendants deprived him of his due process rights by shifting to him the burden of proof to show that he was fit for registration. Finally, Hirschberg contends that defendants violated Section 8a(2) of the Commodity Exchange Act ("CEA") by denying him registration based on a conviction more than ten years old. Hirschberg seeks a declaration that defendants are not permitted to deny his registration and an order requiring defendants to register him.

Defendants contend that Hirschberg's suit is premature because his appeal currently is pending before the CFTC and that no final, reviewable order yet has been entered. Similarly, defendants contend that Hirschberg has failed to exhaust administrative remedies. Defendants also contend that the statutory scheme for review of adverse registration decisions by the NFA mandates that Hirschberg seek review first in the CFTC and, if necessary, in the Seventh Circuit Court of Appeals. Thus, defendants seek a judgment of dismissal for lack of jurisdiction.

Before turning to the legal arguments, it is appropriate to outline the statutory framework for the registration of commodity floor brokers. The Commodity Exchange Act ("CEA"), 7 U.S.C. §§ 1, *et seq.*, which governs commodity trading, created the CFTC and vested in it the power to grant, condition or deny applications for registration as a commodity floor broker as well as the power to revoke existing registrations. 7 U.S.C. § 12a(1-2). The CEA authorizes the CFTC to delegate registration functions to other entities. 7 U.S.C. § 12a(10), 21(o)(1). The CFTC has delegated the authority to register floor brokers to the NFA. 17 C.F.R. §§ 3.2(a), 3.75(a). However, any person refused registration by the NFA "may petition the Commission to review the decision." 7 U.S.C. § 21(o)(2). The CFTC "may on its own initiative or upon petition decline review or grant review and affirm, set aside, or modify such an order [of the NFA]. . . . Unless the Commission grants review . . . the order of the futures association shall be considered

4

an order issued by the Commission." *Id.* Any person refused registration by an order of the CFTC "may obtain review of such order or such other equitable relief as to the court may seem just by filing in the United States Court of Appeals . . . a written petition . . . praying that the order of the Commission be set aside." 7 U.S.C. § 9.

Section 1331 of the Judicial Code, on which Hirschberg relies for jurisdiction, gives the district courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Hirschberg asserts that his complaint sets forth claims "arising under" the Pardon Clause of the Constitution, giving this court jurisdiction over his action. To establish a cause of action in this court under Section 1331, however, Hirschberg must also show that Section 1331 jurisdiction is not preempted by a more specific statutory provision conferring exclusive jurisdiction elsewhere. *Connors v. Amax Coal Co., Inc.*, 858 F.2d 1226, 1229 (7th Cir. 1988). The CEA clearly confers exclusive jurisdiction over appeals from negative NFA registration decisions to the CFTC, and then to the United States court of appeals. 7 U.S.C. §§ 9, 21(o)(1); see *Hunt v. CFTC*, 591 F.2d 1234, 1236 (7th Cir. 1979). Hirschberg's appeal of NFA's decision is pending before the CFTC. If the CFTC refuses his registration, he can present his claim regarding the unconstitutionality of the CFTC's action to the court of appeals after the completion of the administrative process and the entry of a final CFTC order. As Judge Posner has written, "You may not bypass the specific method that Congress has provided for reviewing adverse agency action simply by suing the agency in federal district court under 1331 . . . the specific statutory method, if adequate, is exclusive." *Gen. Fin. Corp. v. Fed. Trade Comm'n*, 700 F.2d 366, 368 (1983).

5

As this quotation from Judge Posner makes clear, however, the requirement that one pursue the "specific method that Congress has provided for reviewing adverse agency action" is not absolute. The specific statutory method must be "adequate." Hirschberg contends that the method of review provided by the CEA is not adequate. The CFTC, Hirschberg argues, previously has declined to address constitutional issues, and it will not address the constitutional issues raised by Hirschberg in its review of the NFA's denial of his application for registration. Thus, he contends that Section 704 of the Administrative Procedures Act ("APA") provides for judicial review in this court. Section 704 of the APA provides,

> Agency action made reviewable by statute and final agency decisions for which there is no other adequate remedy in a court are subject to judicial review. A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action. Except as otherwise expressly required by statute, agency action otherwise final is final for the purposes of this section whether or not there has been presented or determined an application for a declaratory order, for any form of reconsideration, or, unless the agency otherwise requires by rule and provides that the action meanwhile is inoperative, for an appeal to superior agency authority.

5 U.S.C. § 704.

The plain language of Section 704 does not provide for judicial review of Hirschberg's claim in this court for two reasons. First, the NFA's decision denying registration to Hirschberg is not a "final agency decision" of the CFTC. The provisions for determining the finality of agency actions under Section 704 apply "[e]xcept as otherwise required by statute." The CEA provides that "[u]nless the Commission grants review under this section of an order concerning registration issued by a futures association, the order of the futures association shall be considered to be an order issued by the Commission." 7 U.S.C. § 21(o)(2). Thus, if the CFTC grants review of an order concerning registration issued by a futures association, the order of the futures association shall *not* be considered to be an order of the CFTC. Hirschberg appealed the

6

final order of the NFA to the CFTC, and his appeal is currently pending before the agency. Therefore, the NFA's order is not a final decision of the CFTC. Nevertheless, if the NFA's order were a final decision of the CFTC, as Hirschberg argues, then the CEA provides for review in the court of appeals, not this court. 7 U.S.C. § 9 ("After the issuance of the order by the Commission, the person against whom it is issued may obtain review of such order ... in the United States court of appeals."). Either way, this court lacks jurisdiction to hear Hirschberg's claim.

Second, because the actions of the CFTC are "made reviewable by statute" in the court of appeals, the plain language of the Section 704 precludes review by this court. When Congress enacted the APA "to provide general authorization for review of agency action in the district courts, it did not intend that general grant of jurisdiction to duplicate the previously established special statutory procedures relating to specific agencies." *Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988).

The Supreme Court has stated that "[t]he exception that was intended to avoid such duplication [of statutory procedures] should not be construed so as to defeat the central purpose of providing a broad spectrum of judicial review of agency action. . . . A restrictive interpretation of [Section] 704 would unquestionably, in the words of Justice Black, 'run counter to [Section 702 and Section 704] of the Administrative Procedures Act.'" *Bowen*, 487 U.S. at 903-04 (quoting *Shaughnessy v. Pedreiro*, 349 U.S. 48, 51 (1955)). Hirschberg relies on this language to support his contention that this court has jurisdiction over his action. However, the "restrictive interpretation" of Section 704 at issue in *Bowen* is distinguishable from this court's interpretation of the Section. *Bowen* involved an action by the State of Massachusetts seeking review in

7

district court of a decision by the United States Department of Health and Human Services disallowing reimbursement for certain services under the Medicaid program. The Secretary of Health and Human Services argued that Section 704 barred the district court's jurisdiction because the Tucker Act, 28 U.S.C. § 1491, provided for jurisdiction in the United States Court of Federal Claims for all actions seeking monetary relief against the United States. The Court rejected the Secretary's "restrictive–and unprecedented–interpretation of § 704," holding that the district court had jurisdiction over the action because "the Claims Court is plainly not the kind of 'special and adequate review procedure' that will oust a district court of its normal jurisdiction under the APA. . . . The Claims Court does not have the general equitable powers of a district court to grant prospective relief." 487 U.S. at 904-05. Litigation in the Claims Court was not an adequate remedy for Massachusetts because the court lacked the power to provide the kind of relief that Massachusetts was seeking.

The CFTC clearly does have the power to grant Hirschberg the relief he is seeking–registration as a commodities floor broker. Thus, appeal to the CFTC, and finally to the court of appeals if necessary, is an adequate remedy for Hirschberg's claim. Hirschberg's contention, then, is less about the adequacy of the statutory method for review of NFA action than about what he believes to be the futility of that method. The requirement that a claimant exhaust administrative remedies before seeking judicial review is "waived when exhaustion would be futile–when an applicant could not possibly get the initial denial of the application reversed within the agency." *Denberg* v. *U.S. R.R. Ret. Bd.*, 696 F.2d 1193, 1195 (7th Cir. 1983). Hirschberg argues that he should be allowed to bypass the statutory method for review because the CFTC will not address the constitutional claims he is raising. A similar argument was made

8

by the petitioner in *Thunder Basin Coal Company v. Reich*, 510 U.S. 200 (1994). There, the Supreme Court held that the district court's jurisdiction over the petitioner's Fifth Amendment due process claim was precluded by the comprehensive review scheme of the Federal Mine Safety and Health Amendments Act of 1977, 30 U.S.C. § 801 *et seq.*, under which challenges to enforcement measures are reviewed by the Federal Mine Safety and Health Review Commission ("FMSHRC.") and then by the appropriate court of appeals. 510 U.S. at 216. Unlike the CFTC, the FMSHRC had addressed constitutional questions in previous enforcement proceedings. *Id.* at 215. Nevertheless, the Court stated, "Even if this were not the case . . . petitioner's statutory and constitutional claims here can be meaningfully addressed in the Court of Appeals." *Id.* Because Hirschberg's constitutional claims also "can be meaningfully addressed in the court of appeals," this court's jurisdiction would duplicate the CEA's statutory appeals procedure. *See also Denberg*, 696 F.2d at 1196 (holding that the district court lacked jurisdiction, even though exhausting administrative remedies would be futile, because relevant statute conferred jurisdiction on court of appeals).

Finally, Hirschberg argues that he should be allowed to bypass the specific method that Congress has provided for reviewing CFTC action because completing that method would substantially impair his interests. Hirschberg states that he "has spent years trying to work as a floor broker–from fighting his criminal charges, to appealing his conviction, to defending against CFTC's revocation proceedings, to seeking a Presidential pardon, to applying again for registration." This has doubtless been a painful process for Hirschberg, but it does not confer jurisdiction over this action in this court. The order that Hirschberg is challenging was issued on June 13, 2002. Hirschberg has not explained how postponing judicial review of the NFA's

9

order until the entry of a final order by the CFTC would cause him to suffer any irreparable injury. If refusing to allow Hirschberg to practice his chosen profession while his appeal is working its way through the statutory review process is so fundamentally unfair that this court could inject itself into that process, then anyone denied registration by the NFA could appeal directly to this court. This is clearly not the case. The injury that Hirschberg is alleging is simply the "expense and inconvenience of the administrative process." *Abercrombie v. Office of the Comptroller of Currency*, 833 F.2d 672, 677 (7th Cir. 1987).

## CONCLUSION

For the reasons stated above, defendants' cross motions for summary judgment (#17 and #20) are granted. Plaintiff's motion for summary judgment (#10) is denied. Plaintiff's motion for preliminary injunctive relief (#3) is dismissed as moot. Case is dismissed for lack of subject matter jurisdiction. Case is terminated.

Enter: *[signature]*
JOAN HUMPHREY LEFKOW
United States District Judge

Date: August 27, 2003

10